IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JOHN NICHOLAS SHOULTZ, ET. AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO. CV-05-592-CB-M |
| ) | |
| DONALD W. BIESTER, ) | |
| ) | |
| Defendant, ) | |

**DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNITAVE, MOTION TO TRANSFER VENUE**

**NOW COMES** DONALD W. BIESTER, the defendant herein, and moves the Court to Dismiss the plaintiff's claim or in the alternative, to sever and transfer venue, and for reason, defendant says:

**I. MOTION TO DISMISS**

Plaintiff Shoulz, who alleges that he is a resident of Mobile County, Alabama contends that he sustained personal injury in a motor vehicle/pedestrian accident that occurred in Autauga County, Alabama caused by the unlawful acts of defendant Donald W. Biester, a resident of Indiana. Plaintiff Buckner makes no allegation of residency, but claims damages for wrongful death. *See Complaint*

1) "When jurisdiction is premised on the diversity of the parties, the Court is obligated to assure itself that the case involves the requisite amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir.2000). Though the allegations of the complaint demonstrate that diversity of citizenship exists, plaintiffs' complaint is silent with regard to the amount of damages claimed by either.

2) The plaintiffs' may only bring this action in federal court under diversity

jurisdiction as follows:

> "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceedsthe sum or value of $75,000, exclusive of interest and costs." *U.S.C. 28 § 1332.*

3) Because the federal courts are courts of limited jurisdiction, plaintiff has the burden of proving that the amount in controversy meets the requirement for federal jurisdiction, and failing to do so, federal amount in controversy jurisdiction is not presumed to exist. See *Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1999). Plaintiffs' attempt to circumvent the requirement for amount in controversy jurisdiction by bringing, in a single action, two separate distinct claims; however, aggregation of the individual plaintiffs' claims cannot be utilized to satisfy the jurisdictional amount in controversy requirement where neither claim independently meets the jurisdictional requirements. See Morrison, supra, at p. 1263.

    A) Plaintiff Shoultz makes no allegations regarding the amount of damages claimed. It would appear that his physical injuries were superficial and well below the minimum jurisdictional amount of this Court.

    B) Plaintiff Buckner similarly makes no monetary demand; hence, failing to allege even a minimum of damages sufficient to satisfy amount in controversy jurisdiction. See Complaint. Although Alabama's Wrongful Death Act, Ala. Code 6-5-390, permits recovery of punitive damages only, even proof of past punitive awards in other cases is not sufficient proof of the jurisdictional amount. See *Federal Mutual Insurance Co. v. McKinnon Motors, LLC* 329 F.3d 805, 809 (11th Cir.2003).

The premises considered, plaintiffs' claims are due to be dismissed for lack of amount in controversy jurisdiction.

## II. MOTION TO SEVER/TRANSFER VENUE

Alternatively, defendant Donald W. Biester moves the Court to transfer this action to the Middle District of Alabama in which district the motor vehicle accident made the basis of this suit occurred.

1) Plaintiff Shoultz alleges to be a resident of Alabama. Plaintiff Buckner, as administratrix for the estate of McKee makes no contention regarding her citizenship, but for purposes of this motion, defendant Biester assumes that she is an Alabama resident.

2) Under this analysis, diversity jurisdiction exists because the plaintiffs and the defendant are completely diverse:

> "The district courts shall have original jurisdiction of all civil actions [exceeding $75,000], and is between:
>     (1) citizens of different states
> *See* 28 U.S.C. § 1332 (a)(1)

3) Venue in a civil action based on diversity jurisdiction may be brought only in:

   a) 1) "a judicial district where any defendant resides..." The complaint alleges that defendant Biester resides in Indiana; hence, venue is not proper in the Southern District of Alabama under this section.

   2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred..." The complaint, as well as the affidavit of Mark Wallace attached thereto, alleges that the accident occurred on Interstate 65 South

in Autauga County, Alabama. Hence, as the "events giving rise to the claim..." occurred in Autauga County, Alabama, venue against a non-resident individual defendant is proper in the district where these events occurred, which is within the Middle District of Alabama.

   3) A judicial district "in which any defendant is subject to personal jurisdiction at the time the action is commenced." There is no basis upon which jurisdiction of this Court can be found in the Southern District of Alabama against a non-resident individual defendant without sufficient contacts to confer jurisdiction on this Court. _See_ 28 U.S.C. 1391 (a)(1)(2)(3).

THE PREMISES CONSIDERED, defendant Biester earnestly submits that this tort action arising from a motor vehicle/pedestrian accident in Autauga County, Alabama in which two Alabama inmates allegedly sustained injury is due to be dismissed for lack of federal amount in controversy/diversity jurisdiction, or the case should be transferred to the Middle District of Alabama.

                Respectfully submitted,

                _/s/ David E. Allred_
                DAVID E. ALLRED
                Code No: 3233-A-40-D
                Attorney for Defendant
                DONALD W. BIESTER

OF COUNSEL:
DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone: (334) 396-9200
Facsimile: (334) 396-9977
dallred@allredpclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 22nd day of November, 2005 electronically filed the foregoing *Motion To Dismiss, or in the Alternitave, Motion to Transfer Venue* with the Clerk of the Court for the United States District Court, for the Southern District of Alabama, Southern Division, using the CM/ECF system, which will send notification of such filing to:

    Eaton G. Barnard, Esq.
    Christina D. Crow, Esq.

                                        /s/
                            OF COUNSEL