IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN NICHOLAS SHOULTZ and<br>VANESSA BUCKNER, as Administratrix<br>of the Estate of David McKee, Deceased | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 05–592-KD-M |
| DONALD W. BIESTER, | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on defendant's motion to dismiss or, in the alternative, to transfer venue. (Doc. 4.) On November 28, 2005, the Court entered an order requiring plaintiffs to respond to the motion on or before December 8, 2005. To date, no response has been filed. At this point, it appears that the complaint is facially insufficient to invoke this Court's subject matter jurisdiction. Because the deficiency in the complaint is one that may be correctable, the Court will afford plaintiffs a final opportunity to amend the complaint before granting the motion to dismiss.

The Court has an obligation to inquire into subject matter jurisdiction at the earliest possible stage of litigation, since it is powerless to act if subject matter jurisdiction is lacking. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also Atlantic Ship Rigging Co. v. McLellan*, 288 F.2d 589 (3rd Cir. 1961) (court that lacks subject matter jurisdiction lacks power to transfer venue); *accord Mills v. State of Maine*, 118 F.3d 37, 51 (1st Cir. 1997); *Klett v. Pim*, 965 F.2d 587, 591 n. 7 (8th Cir. 1992); *Grand Blanc Educ. Assn. v. Grand Blanc Bd. of Educ.*, 624 F.2d 47, 49 n. 4 (6th Cir. 1980). Defendant's

challenge to subject matter jurisdiction calls into question the facial sufficiency of the complaint. Specifically, defendant asserts that the plaintiffs have failed to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332[1] because the complaint fails to allege the amount in controversy.[2]  Contrary to defendant's assertions that neither plaintiff has made any allegation regarding the amount in controversy, the complaint states that "[t]he plaintiffs are claiming in excess of $75,000 in this cause of action." (Compl. ¶ 8).[3]  This statement is insufficient, however, because it is not clear whether each plaintiff seeks an amount in excess of $75,000 or whether both plaintiffs seek a combined amount in excess of $75,000.  As defendant points out, separate and distinct claims may not be aggregated to meet the jurisdictional amount.  *Darden v. Consumer Fin. Co., Inc.*, 200 F.3d 753, 756 (11th Cir. 2000).  While it may be that each plaintiff, or at least one plaintiff, is claiming damages in excess of $75,000, that is not clear from the face of the complaint.  Therefore, the Court finds that the complaint fails to state a basis for subject matter jurisdiction.  The motion to dismiss will be granted unless plaintiffs, on or before

---

[1]The complaint does not specifically assert the basis for subject matter jurisdiction, either by a clear statement of fact or by citation to the controlling statutory authority.  Defendant's presumption is that plaintiff is attempting to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, which permits the exercise of federal subject matter jurisdiction where the controversy is between "citizens of different states" and "the amount in controversy exceeds . . . $75,000.

[2]Defendant concedes that diversity of citizenship exists. (Def.'s Mtn.¶ 1.) Although it makes no mention of the parties' citizenship, the complaint does allege that plaintiff Shoultz is a resident of Alabama and that defendant Biester is a resident of Indiana.  The complaint does not mention the citizenship of plaintiff Buckner at all, but it does appear from the facts alleged that Buckner's decedent was an Alabama citizen at the time of his death.  Pursuant to 28 U.S.C. § 1332(c)(2), the representative of an estate is deemed to be a citizen of the same state as the decedent.

[3]The Complaint contains two sets of paragraphs numbered 7 and 8.  The paragraphs are numbered 1 through 10, then numbering begins again with 7 and 8.  The above quotation is from the first paragraph 8.

**January 20, 2006**, file an amended complaint properly invoking this Court's subject matter jurisdiction. In addition, if plaintiffs choose to file an amended complaint, they must **SHOW CAUSE** in writing why this action should not be transferred to the United States District Court for the Middle District of Alabama, which appears to be the proper venue for this action.[4]

**DONE** this the 9th day of December, 2006.

    s / Kristi K. DuBose
**KRISI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[4] According to 28 U.S.C. § 1391(a), in a diversity action venue is proper in (1) the district in which any defendants resides, if all reside in the same state, (2) the district in which a substantial portion of the events giving rise to the action occurred, or (3) if neither of the foregoing applies, the district in which any defendant is subject to personal jurisdiction. The complaint alleges that all of the events giving rise to this action occurred in Autauga County, Alabama, which is in the Middle District and that defendant resides in Indiana. Thus, it appears that venue is improper in this District but would be proper in the Middle District under § 1391(a)(2).