IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN NICHOLAS SHOULTZ and ) <br> VANESSA BUCKNER, as Administratrix <br> of the Estate of David McKee, Deceased  ) | |
| Plaintiffs,                             ) | |
| v.                                      ) | CIVIL ACTION NO. 05–0592-KD-M |
| DONALD W. BIESTER,                      ) | |
| Defendant.                              ) | |

### ORDER

This matter is before the Court on defendant's motion to dismiss or, in the alternative, to transfer venue (Doc. 4) and plaintiffs' motion to amend the complaint. (Doc. 13). Upon consideration, the motion to transfer venue is **GRANTED** and the motion to amend the complaint is **GRANTED**.

On November 28, 2005, the Court entered an order requiring plaintiffs to respond to the motion on or before December 8, 2005. (Doc. 5). However, plaintiffs did not respond. On January 10, 2006, this court entered an order giving plaintiffs another opportunity to respond and also an opportunity to amend their complaint to allege the amount in controversy and thus invoke this court's subject matter jurisdiction.[1] (Doc. 8). The complaint states that "[t]he plaintiffs are claiming in excess of $75,000 in this cause of action." (Doc. 1, ¶ 8). However, the court found this statement insufficient because it was unclear whether each plaintiff sought an

---

[1] Defendant asserts that plaintiffs have failed to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332 because the complaint fails to allege the amount in controversy. In regard to diversity jurisdiction, defendant concedes that diversity of citizenship exists. (Doc. 4, 1.) (Doc. 8, n. 2).

amount in excess of $75,000 or whether both plaintiffs sought a combined amount in excess of $75,000.  *See Darden v. Consumer Fin. Co., Inc.*, 200 F.3d 753, 756 (11th Cir. 2000) (Doc. 8).  In response to this order, plaintiffs filed a motion to amend their complaint wherein they allege that both plaintiffs claim damages in excess of $75,000 and thus, set forth a sufficient allegation of diversity jurisdiction. (Doc. 13).  Accordingly, plaintiffs' motion to amend the complaint is **GRANTED.**

In the order of January 10, 2006, plaintiffs were also ordered to show cause why this case should not be transferred to the United States District Court for the Middle District of Alabama, as requested by the defendant.  The complaint alleges that all of the events giving rise to this action occurred in Autauga County, Alabama in the Middle District and that defendant resides in Indiana.  Thus, venue is improper in this District but would be proper in the Middle District under 28 U.S.C. § 1391(a)(2).[2]  Plaintiffs did not respond to this portion of the order and did not show cause why the case should not be transferred.

Accordingly, the undersigned finds that venue is proper in the United States District Court for the Middle District of Alabama and that defendant's motion to transfer (Doc. 4) is **GRANTED.**  The Clerk of the Court is directed to transfer this case to the United States District Court for the Middle District of Alabama, pursuant to the provisions of 28 U.S.C. § 1391(a)(2).  The portion of defendant's motion wherein defendant seeks dismissal of this case is **DENIED**.

**DONE** this the 24th day of January, 2006.

---

[2]  According to 28 U.S.C. § 1391(a), in a diversity action venue is proper in (1) the district in which any defendants resides, if all reside in the same state, (2) the district in which a substantial portion of the events giving rise to the action occurred, or (3) if neither of the foregoing applies, the district in which any defendant is subject to personal jurisdiction.

    <u>**s / Kristi K. DuBose**</u>
    **KRISI K. DUBOSE**
    **UNITED STATES DISTRICT JUDGE**