IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN NICHOLAS SHOULTZ, *et al.*, | ) |
| *Plaintiffs,* | ) ) ) |
| vs. | ) CASE NO. 2:06-cv-76 |
| DONALD W. BIESTER, | ) ) ) |
| *Defendant,* | ) |

**MOTION TO STAY PROCEEDINGS /
MOTION FOR PROTECTIVE ORDER**

NOW COMES **DONALD W. BIESTER,** defendant herein, and moves the Court to stay this civil action pending the outcome of a related criminal case against this defendant and to enter a protective order that the defendant is not required to engage in discovery in this case due to the pendency of a related criminal matter and, for reason, this defendant would show unto the Court as follows:

1.  That this case arises out of a motor vehicle accident that occurred on January 4, 2005 on Interstate 65 in Autauga County, Alabama, in which Plaintiff Buckner's intestate, David McKee, was killed, and Plaintiff John Nicholas Shoultz was injured.

2.  That the plaintiffs allege that the death of McKee and the injury to Shoultz were caused by the negligence or wantonness of Defendant Biester.

3.  That Donald W. Biester was indicted on August 5, 2005 on two counts of leaving the scene of an accident involving physical injury or death. A copy of said indictment is attached hereto as Exhibit A.

4. That the incident referred to in the indictment is one and the same matter that occurred on January 4, 2005, which incident serves as the basis for the plaintiffs' wrongful death suit and bodily injury suit against this same defendant.

5. That the criminal charges pending against Defendant Biester in the Circuit Court of Autauga County, Alabama have not been resolved; rather, said charges are set on a plea docket in the Circuit Court of Autauga County, Alabama for April 11, 2006 (see Exhibit B attached hereto - Alabama SJIS Case Detail).

6. That this defendant has a right under the Fifth Amendment of the United States Constitution to claim privilege from giving any testimony or evidence which may tend to incriminate him. Rule 26 of the *Federal Rules of Civil Procedure* states that parties may only obtain discovery regarding any matter that is not privileged. (See Rule 26(b)(1).) As the defendant asserts his privilege under the Fifth Amendment to the United States Constitution, the plaintiffs should not be permitted to proceed with discovery until the related criminal indictment and criminal case arising out of the very accident that gives rise to the civil suit now pending before this Court, is resolved.

7. In *Securities and Exchange Commission v. HealthSouth Corporation and Richard Scrushy*, 261 F.Supp.2d 1298 (N.D.Ala.2003), the district court, cited the following in determining to grant the defendant's request for stay in a related civil case:

> "In determining whether to stay a civil case, the court may consider a variety of factors, including the extent to which the defendant's Fifth Amendment rights are implicated, the interest of the plaintiff in proceeding expeditiously with this litigation and the potential prejudice to the plaintiffs from delay, the burden any particular aspect of the proceedings may impose on the defendant, the efficient use of judicial resources, the interests of persons not parties to the civil litigation and the interest of the public in the pending civil and criminal

> litigation. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 234-325 (9th Cir.1995). Other courts have added factors such as the extent to which the issues in the criminal and civil cases overlap, the status of the case, including whether the defendant has been indicted. *See e.g., Walsh Securities*, 7 F.Supp.2d at 526-527.
>
> A balancing of these factors must be done on a case by case basis with the goal being to avoid prejudice. *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y.1993). The degree to which the issues in the simultaneous **civil** and **criminal** proceedings overlap is the most important threshold issue in deciding whether the court should **stay** the **civil** proceeding. *See Walsh Securities*, 7 F.Supp.2d at 527."

*HealthSouth, supra*, at p. 1326.

This defendant would show unto the Court that all of the factors cited militate heavily in favor of granting this defendant's request for a stay as follows:

    A.    "The extent to which the defendant's Fifth Amendment rights are implicated": The accident of January 4, 2005, which is the made the basis of the pending civil suit before this Court is one and the same incident that gives rise to the criminal charges; hence, any testimony in a civil deposition or responses to discovery in the civil case could be utilized in the criminal case.

    B.    "The interest of the plaintiff in proceeding expeditiously with this litigation and the potential prejudice to the plaintiffs from delay": One of the claims against this defendant is a wrongful death suit. On information and belief, both of the victims were, in fact, inmates of the Alabama Department of Corrections on a work detail at the time of the accident. It is not known whether the injured plaintiff has been released at this time.

C. "The burden any particular aspect of the proceedings may impose on the defendant": The defendant claims that if required to respond to discovery in this civil case, his rights under the Fifth Amendment to the U. S. Constitution would be violated.

D. "The efficient use of judicial resources, the interest of persons not parties to the civil litigation and the interest of the public in the pending civil and criminal litigation": This defendants says that time would be wasted and expense unnecessarily incurred if this defendant is required to appear for a deposition only to assert his Fifth Amendment privilege or to respond to written discovery by asserting his Fifth Amendment privilege when the issue of privilege will be moot upon conclusion of the pending criminal matter.

E. "The extent to which the issues in the criminal and civil cases overlap, the status of the case, including whether the defendant has been indicted": The issues in the criminal and civil cases arise out of the same incident that occurred on January 4, 2005, and which is made the basis of the civil action pending before this Court. The related criminal charges arise out of the defendant's conduct related to that same accident. The case before this Court has only recently been transferred from the Southern District of Alabama to this Court on motion of the defendant. As demonstrated, Defendant Biester has been indicted by the Grand Jury in Autauga County, Alabama for his actions arising out of the very accident which is made the basis of the civil suit pending before this Court.

This defendant says that the degree of overlap in the civil case and the criminal case is extensive and, as cited by the *HealthSouth* court, "is the most important threshold issue in deciding whether the court should stay the civil proceeding". (*HealthSouth, supra,* at p. 1326)

WHEREFORE, THE PREMISES CONSIDERED, Defendant Donald W. Biester respectfully requests that this Court grant a stay of the proceedings in this action and issue a protective order that this defendant is not required to submit to discovery by deposition or responses to written discovery until the conclusion of the criminal matter in Autauga County, Alabama.

Respectfully submitted,

_____
DAVID E. ALLRED
Attorney for Defendant
DONALD W. BIESTER

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:  (334) 396-9200
Facsimile:   (334) 396-9977
dallred@allredpclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 5th day of April, 2006 electronically filed the foregoing *Motion to Stay Proceedings / Motion for Protective Order* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

    Eaton G. Barnard, Esq.
    EATON BARNARD & ASSOCIATES
    1904 Dauphin Island Parkway
    Mobile, Alabama 36605

    Christina D. Crow, Esq.
    JINKS, DANIEL & CROW, L.L.C.
    Post Office Box 350
    Union Springs, Alabama 36089

                                        /s/
                                        OF COUNSEL