IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN NICHOLAS SHOULTZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:06-CV-00076-DRB |
| | ) | |
| DONALD W. BIESTER, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**UNIFORM  SCHEDULING O R D E R**</u>

Under Rule 16, Federal Rules of Civil Procedure, as amended, the Court is required to set a schedule for the discovery and the filing of motions.  After due consideration of the parties' *Fed.R.CIV. P. 26(f)  Report*  (Docs. 26 and 27), which recites, *inter alia*, their consensus that trial not be scheduled prior to a date which is nine months past the yet-unscheduled defendant's deposition,. it is

**ORDERED** that the **defendant's deposition** in this case be taken not later than August 1, 2006.  It is further

**ORDERED** that the parties honor additional  pre-trial deadlines and guidelines, as follows:.

**PLEASE READ THIS ORDER CAREFULLY.  These deadlines and responsibilities may not be changed without leave of the court All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinary unforeseeable circumstances.  The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/.**

**SECTION 1.  TRIAL DATE**:   The **jury trial** shall commence on **June 4, 2007**, with jury selection  at 10:00 a.m.,  in the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.  in Montgomery, Alabama.

As provided in Fed.R.Civ.P. 16(d), a **FINAL PRETRIAL CONFERENCE**  is set at 10:30 a.m., on **April 5, 2007**, in  District Courtroom 4A.  This conference shall be attended by at least one

of the attorneys who will try the case for each of the parties and by any party who is not represented by an attorney. The court will address the matters provided for in Rule 16 (c). All motions which have not been submitted or ruled on will be heard at this time. **The parties are DIRECTED to prepare jointly a proposed pretrial order consistent with the outline available on the court's website.** The plaintiff shall ensure that the original of the proposed pretrial order is received by the court NOT LATER THAN FIVE BUSINESS days prior to the pretrial conference; the order shall be transmitted in wordperfect format to PropOrd_Boyd@almd.uscourts.gov.

SECTION 2. Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **January 12, 2007**. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court.

SECTION 3. On or before **February 3, 2007**, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not less than **FIVE (5) DAYS** after this conference (by February 10, 2007), counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation". This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial. *Information about mediation is attached to this order.*

SECTION 4. Any motions to amend the pleadings and to add parties shall be filed by the Plaintiff no later than **September 22, 2006, and by the Defendant no later than October 23, 2006.**

SECTION 5. Any motion for class certification shall be filed no later than September 22, 2006. A brief discussing the factors enumerated in Rule 23(a) and (b) of the Federal Rules of Civil Procedure shall be filed with any such motion.

SECTION 6.   Motions, Briefs, Proposed Orders
(A) The failure to file a response to any motion -- either dispositive or non-dispositive -- within the time allowed by the court shall indicate that there is no opposition to the motion.

(B) All briefs on any matter before the court must be formal in format and filed with the court. The court does not accept "letter briefs" or "letter reports."

(C) A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion. A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this

requirement has not been met. Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(D) Any proposed order that a party desires the court to enter should be submitted to the court in <u>both</u> (a) an Adobe Acrobat PDF format attachment to the motion <u>and</u> (b) by transmitting an electronic copy of the proposed pretrial order to the court as an attachment to an email <u>message sent to</u> <propord_boyd@almd.uscourts.gov>.  For these purposes, the electronic copy should be in WordPerfect or Word format and not in Adobe Acrobat PDF format.

**SECTION 7.**  All discovery shall be completed **on or before February 12, 2007,** except that, as to any witnesses whose names are not revealed with until the last day allowed under SECTION 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the time extended in this paragraph to allow for deposing such witness.

**SECTION 8.**  The identity of ANY person who may be used at trial to present evidence under **Rules 701, 702, 703, or 705,** and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involve giving expert testimony, required by **Rule 26(a)(2)** of the Federal Rules of Civil Procedure, shall be disclosed as follows:
**Plaintiff, by October 23, 2006;   Defendant, by November 20, 2006.**

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

**SECTION 9.**  Pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, the parties shall exchange, no later than **April 5, 2007,** the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Paragraph 8.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 10.**  On or before **May 14, 2007,** pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, the parties shall identify any part of a deposition that a party expects to use at trial.  Adverse parties shall within **ONE WEEK THEREAFTER** identify any responsive parts of depositions expected to be used, and a party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition not so listed, with the exception of parts of depositions to be used solely for the purpose of impeachment. Except to the extent written objections are served and filed within  **SEVEN DAYS** of the trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

      **SECTION 11.**  On or before **May 14, 2007,** pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, the parties shall furnish opposing counsel, for copying and inspection, all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment.  <u>Except to the extent written objections are served and filed no later than</u> **<u>TWO WEEKS PRIOR TO THE SCHEDULED TRIAL DATE</u>**<u>, the evidence shall be deemed genuine and admissible in evidence.  The written objections shall set forth the grounds and legal authorities.  All trial exhibits must be premarked prior to trial.</u>

      **SECTION 12.**   Except to the extent of any conflict with deadlines set in this Order, the Discovery Plan contained in the ***Report of Parties' Planning Meeting*** (filed in duplicate as Doc. 26 on May 12, 2006, and Doc. 27 on May 15, 2006) is adopted and incorporated herein.  Except to the extent of any conflict with deadlines set out above, the Discovery Plan contained in the Report of Parties' Planning Meeting is adopted and incorporated herein.

      **SECTION 13.**  <u>*If a jury trial:*</u>  The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, **ON OR BEFORE May 14, 2007.**  Trial counsel are **DIRECTED** to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions.  The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

      **SECTION 14.**  In cases involving jury trials, the term **TRIAL DATE** as used in the foregoing deadlines shall mean the date set for jury selection.

      **SECTION 15**.  If any party has an objection to these deadlines, the party should inform the Court within **14** days from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties.  Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties.

      DONE this 19th day of May, 2006.

                                                  <u>**/s/ Delores R. Boyd**</u>
                                                  DELORES R. BOYD
                                                  UNITED STATES MAGISTRATE JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA

**PROGRAM OF VOLUNTARY MEDIATION**

This court has established a program of voluntary mediation to assist litigants in resolving their disputes prior to trial. The court stresses that <u>mediation is completely voluntary and confidential</u>. The court strictly enforces the confidentiality of mediation.

The court encourages litigants to consider the salutary benefits of resolving at an early stage their dispute through voluntary mediation. Mediation is a process of confidential negotiation through which parties may often achieve results which could not be gained through submission of their case to a jury. Successful mediation saves the substantial time and expense involved with a trial. Successful mediation allows parties to alleviate the risk of trial and, at the same time, permits the parties to play an active role in the final decision about their case. The mediation process generally involves a joint meeting with all parties and counsel to discuss the case and each side's position. After this meeting the mediator will meet with each side individually for a full discussion of that side's case. Throughout the process the goal of the mediator is to assist the parties in negotiating a settlement. Often the mediator will provide to the parties a frank, honest opinion about the strengths and weaknesses of their case. Often an objective viewpoint assists parties in making good decisions about settlement.

The scheduling order entered in this case requires that not less than 21 days after the date for filing dispositive motions, counsel for the parties shall personally meet and attempt to reach settlement of the case. If counsel in good faith cannot reach settlement, counsel are also required to consider whether mediation will assist the parties in resolving this case. Within five days after this conference counsel are to notify the trial judge in writing whether they have settled the case and, if not, whether they believe mediation will assist the parties in resolving the case. Upon such notification, the trial judge may assign a mediator to schedule a mediation conference. However, a judge of this court may assign a mediator at any time.

Except in extraordinary circumstances the mediator will be a judicial officer. Under the existing internal operating understandings of this court, a nonjudicial mediator will not be assigned to a case without the knowledge and concurrence of the parties.

The court also encourages parties to consider settlement negotiations and mediation well before the time when a settlement conference is required. <u>At any time while a case is pending</u>, the parties may seek assistance in settling their dispute through mediation.